**LI JUN ZHANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–4037–ag.

United States Court of Appeals, Second Circuit.

May 24, 2006.

Jim Li, New York, NY, for Petitioner.

David L. Huber, United States Attorney for the Western District of Kentucky, Terry M. Cushing, Assistant United States Attorney, Louisville, KY, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Li Jun Zhang, through counsel, petitions for review of the BIA affirming the decision of Immigration Judge ("IJ") Alan I. Page denying his application for asylum, and withholding of removal.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005) (per curiam); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

In this case, only five of the IJ's eight bases for the adverse credibility finding are substantially supported by the record. The IJ correctly determined that Zhang testified inconsistently about: (1) whether he was arrested with two or three other people; (2) whether the arrest occurred at noon or at three o'clock; and (3) whether he was removed from his supervisory position in July or November 1999. Further, the IJ properly determined that the fact that Zhang obtained a government identification card in June 2001 contradicted his claim that he avoided contact with the government after his March 2001 dismissal. Finally, the IJ correctly noted that the March 2001 dismissal notice from his employer misstated Zhang's correct age, and that Zhang failed to explain this discrepancy other than to suggest that the notice was wrong.

However, the three remaining bases lack substantial support in the record. Contrary to the IJ's conclusion, Zhang's assertion that his 15–day detention ended on March 18, 2001 does not contradict his testimony that he was arrested on March 4, 2001. Although, as the IJ pointed out, March 19 was the 15th day after Zhang's arrest, if the day of his arrest was counted as one of the 15 days, the detention would have ended on March 18, 2001, as Zhang claimed. Further, the IJ mischaracterized Zhang's testimony regarding when he returned to his work unit. Zhang testified consistently throughout the hearing that he was released on March 18 and returned to his work unit on March 21, when he discovered that he had been discharged as a result of his arrest. At no point in the hearing did Zhang testify that he attempted to return to work any time earlier than March 21, 2001.

Further, Zhang sufficiently explained the apparent inconsistency between his testimony that he was dismissed on March 21, 2001, and the fact that the notice of dismissal indicated that he was dismissed on March 20, 2001. Zhang told the IJ that the company authorities had decided to terminate him on March 20, and had prepared the notice on that date. He was not aware of his dismissal until he received the notice when he returned to his work unit the next day. This explanation is corroborated by the text of the notice, which states that "the company discussed and decided to dismiss him on March 20."

Finally, the record does not clearly support the IJ's determination that Zhang

testified inconsistently about whether he was interrogated during his detention. Although Zhang denied that he had been "interrogated" by the Chinese officials, he did tell the IJ that the authorities asked him questions about whether he practiced Falun Gong, and told him that he would not be released until he denied the practice. Further, in his brief, Zhang argues that, in Mandarin, the word "interrogate" carries a slightly different meaning than the word "question," such that Zhang might have been confused by the IJ's inquiries concerning whether he had been interrogated during his detention. The transcript of the exchange between Zhang and the IJ regarding the interrogation supports Zhang's assertion that he did not understand how his testimony contradicted his written declaration. Accordingly, these three bases for the IJ's decision are flawed.

■ Where an IJ's adverse credibility determination relies, in part, on flawed reasoning, this Court has determined that remand is not required where: (1) substantial evidence supports the error-free findings that the IJ made; (2) those findings adequately support the IJ's ultimate conclusion that the petitioner lacked credibility; and (3) despite errors—considered in the context of the IJ's entire analysis—the Court can state with confidence that the decision would be the same were the petition remanded. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006). In other words, remand is not necessary, despite an IJ's error, where the reviewing court can "confidently predict" that the same decision would be reached absent the errors. *Id.* at 162.

In this case, as the BIA noted in its order affirming the IJ's decision, no single inconsistency is, alone, sufficient to undermine Zhang's claim. The error-free inconsistencies, those that are substantially supported by the record, do not severely undermine Zhang's claim, as they relate to tangential details about the events that form the basis of Zhang's claim, such as what time of day he was arrested, and with how many people. Because the error-free inconsistencies do not go to the heart of Zhang's asylum claim, this Court cannot confidently predict whether, on remand, the IJ, relying only on the error-free inconsistencies, would still deny Zhang's application for asylum, withholding of removal, and CAT relief.

An applicant's failure to corroborate his or her testimony may also bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen*, 434 F.3d at 164 (presenting the latter situation); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004) (same). However, while a failure to corroborate may, on its own, lead to a claim's denial based on sufficiency of the evidence as opposed to credibility, it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). In addition, before denying a claim for failure to corroborate otherwise credible testimony, an IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003); *cf. Xiao Ji Chen*, 434 F.3d at 164 (explaining that this requirement of identification and availability is not required where testimony is non-credible); *Zhou Yun Zhang*, 386 F.3d at 78 (same).

In this case, given the flaws in the IJ's adverse credibility finding, it is impossible to determine whether the BIA properly relied on Zhang's failure to corroborate his testimony. Further, because the BIA did not specify which pieces of missing, relevant evidence formed the basis for its determination that Zhang failed to corroborate his testimony. We note in passing that Zhang did provide a plausible reason for the unavailability of witnesses to corroborate his practice of Falun Gong in the United States—namely that these other practitioners were in the United States illegally and thus were unwilling to testify on Zhang's behalf. Accordingly, the BIA's corroboration determination is not, alone, sufficient to support the denial of Zhang's application for asylum, withholding, and CAT relief.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).